**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**ANTHONY RAHSHAD BROWN**                                                      **PETITIONER**

**v.**                                                          **CIVIL ACTION NO. 3:22-cv-495-KHJ-MTP**

**C. HARRISON**                                                                **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Respondent's Motion to Dismiss [17]. For the reasons set forth below, the undersigned recommends that the Motion [17] be granted and this matter be dismissed.

On August 25, 2022, Petitioner, a federal inmate, filed his Petition [1] for writ of habeas corpus under 28 U.S.C. § 2241, requesting that the Court order the Bureau of Prisons to update his risk level and apply certain "earned time credits" under the First Step Act. On January 10, 2023, the Court stayed the briefing of this action at the request of the parties because they were attempting to resolve the matter in light of the Bureau of Prisons's recent implementation of its official policy regarding application of earned time credit under the First Step Act. *See* Order [15].

On April 21, 2023, Respondent filed the instant Motion to Dismiss [17], asserting that the Bureau of Prisons awarded Petitioner the requested time credits and released him on February 12, 2023. Respondent argues that this action should be dismissed as moot. On April 25, 2023, the Court ordered Petitioner to show cause, in writing, why this action should not be dismissed as moot. *See* Order [18]. The Court directed Petitioner to respond to the Order [18] on or before May 9, 2023. Petitioner failed to respond to the Order [18].

An action is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 2007 WL 627580, at *1 (5th Cir. Feb. 22, 2007) (citing *Baily v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)).  The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirements that an actual controversy exist at all stages of federal court proceedings. *Bailey*, 821 F.2d at 278. A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Adair v. Dretke*, 150 Fed. Appx. 329, 331 (5th Cir. 2005).

In this case, Petitioner sought time credits.  Since the Bureau of Prisons has awarded Petitioner the requested time credits and released him from prison, his request for relief is moot. *See Flournoy v. Salmonson*, 2022 WL 2679464, at *1 (E.D. Tex. Mar. 28, 2022) (holding that petition was moot because petitioner received the requested time credits); *Tompkins v. Hawkins*, 2021 WL 3478213, at *2 (S.D. Tex. July 23, 2021) (same).  Thus, this action should be dismissed as moot.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that Respondent's Motion to Dismiss [17] be GRANTED and that that this action be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed

findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 15th day of May, 2023.

s/ Michael T. Parker
United States Magistrate Judge